CA No. 25-7474

# In the
# United States Court of Appeals
# For the Ninth Circuit

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KEVIN MICHAEL KEALOHA,

Defendant-Appellant.

On Appeal from the United States District Court
for the District of Nevada,

**DC No. 2:21-cr-259 (Gordon, J.)**

## GOVERNMENT'S ANSWERING BRIEF

| | |
|---|---|
| TODD BLANCHE<br>Deputy Attorney General | MINA CHANG<br>Assistant United States Attorney<br>District of Nevada |
| SIGAL CHATTAH<br>First Assistant United States Attorney | 501 Las Vegas Blvd. S., Suite 1100<br>Las Vegas, Nevada 89101 |
| ADAM FLAKE<br>Appellate Chief | (702) 388-3663<br>*Attorneys for the United States* |

Date submitted: March 13, 2026

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................... iii

I. STATEMENT OF JURISDICTION AND BAIL STATUS................. 1

II. ISSUE PRESENTED ............................................................... 1

III. STATEMENT OF CASE AND FACTS ...................................... 2

IV. SUMMARY OF ARGUMENT ................................................. 4

V. ARGUMENT .......................................................................... 5

    A.   This Court Should Remand for the District Court to Consider Kealoha's Motion Under 18 U.S.C. § 3582(c)(1)(A). ..............................5

        1. Standard of Review ...................................................................5

        2. Legal Framework ......................................................................5

        3. Discussion ................................................................................6

VI. CONCLUSION....................................................................... 8

CERTIFICATE OF COMPLIANCE ............................................. 10

CERTIFICATE OF SERVICE ..................................................... 11

ii

## TABLE OF AUTHORITIES

**Cases**

*Bryd v. Phoenix Police Department*,
  885 F.3d 639 (9th Cir. 2018) ................................................................ 6

*Castro v. United States*,
  540 U.S. 375 (2003) .......................................................................... 5

*United States v. Brian Shane Henson, No. EDCR 17-0016-JGB-1*,
  2026 WL 82253 (C.D. Cal. Jan. 7, 2026) ................................................ 7

*United States v. Estrada*,
  904 F.3d 854 (9th Cir. 2018) ................................................................ 5

*United States v. Keller,*
  904 F.3d 854 (9th Cir. 2018) ................................................................ 7

*United States v. Hinkson*,
  585 F.3d 1247, 1263 (9th Cir. 2009) ..................................................... 5

*United States v. Sadler*,
  480 F.3d 932 (9th Cir. 2007) ................................................................ 1

*United States v. State of Wash.*,
  641 F.2d 1368 (9th Cir. 1981) ............................................................. 7

*United States v. Wright*,
  46 F.4th 938 (9th Cir. 2022) ................................................................ 6

**Statutes**

18 U.S.C. 3553 ........................................................................ 4, 5, 6, 7

18 U.S.C. § 3582 ......................................................................*passim*

18 U.S.C. § 3742 ............................................................................. 1

28 U.S.C. § 994 .............................................................................. 4

28 U.S.C. § 1291 ............................................................................. 1

**Other Authorities**

USSG 1B1.10 ................................................................................ 4

# I.
## STATEMENT OF JURISDICTION AND BAIL STATUS

Pro se defendant Kevin Michael Kealoha appeals a district court order denying his motion for a sentence reduction. The district court had jurisdiction under 18 U.S.C. §§ 3582(c)(2) and 3582(c)(1)(A) and entered its order on September 26, 2025. ER-003; ECF No. 51.[1] Kealoha filed an untimely notice of appeal on or about November 18, 2025.[2] ER-049; ECF No. 53. This Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. Kealoha is currently incarcerated at Federal Correctional Institution Herlong, with an estimated release date of February 10, 2035. *See* www.bop.gov/inmateloc.

# II.
## ISSUE PRESENTED

1. As the district court did not address Kealoha's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), whether the issue should be remanded for assessment on this limited basis.

---

[1] "ER" denotes the Excerpts of Record filed by the government; "ECF No." denotes the district court's docket, followed by the relevant docket number(s) and page number(s); "OB" denotes Appellant's Opening Brief; and "PSR" denotes the Presentence Report.

[2] Kealoha explains that prison mail delays caused him to receive a copy of the district court order on November 14, 2025, after the fourteen-day deadline to file a notice of appeal. *See* ER-049; ECF No. 53. His notice of appeal is dated November 18, 2025 and was docketed on November 24, 2025. *Id.* The government does not object to his late filing. *See United States v. Sadler*, 480 F.3d 932, 940 (9th Cir. 2007) ("Rule 4(b) is a non-jurisdictional claim-processing rule.").

## III.
## STATEMENT OF CASE AND FACTS

Kealoha is serving a 180-month term of imprisonment after pleading guilty to eight counts related to a violent carjacking spree. *See* ER-043; ECF No. 45. Over the course of two days, Kealoha approached six drivers in the Las Vegas area—nearly all women—in or by their vehicles to carjack them at gunpoint. *See* PSR ¶¶ 12–44. When Kealoha was unsuccessful in forcing his fourth victim out of her truck, he fired at least six shots into the cab while she shielded her ten-year-old daughter with her body. *Id.* at ¶¶ 25–27. A bullet nearly struck the victim's head as it grazed her scalp; she described the experience as an inch away from her daughter "work[ing] through seeing her mom's head blown apart by a .45." *Id.* at ¶ 46. Kealoha was apprehended in California on July 13, 2017, after carjacking a man by pressing the muzzle of his gun into the man's ribs, leading law enforcement officers on a vehicle chase, and intentionally driving into an occupied marked police vehicle. *Id.* at ¶ 134.

U.S. Probation described Kealoha's criminal history preceding this case as an "astonishing 20 felony convictions and at least 22 misdemeanor convictions" by the age of 34. *Id.* at ¶ 221. Kealoha reported abusing controlled substances since the age of fifteen despite intermittent treatment during periods

2

of incarceration, and he escalated his methamphetamine and heroin use after his mother's death. PSR ¶¶ 168–73. Kealoha also suffers from mental health issues. For instance, Kealoha explained that his carjacking spree had been a "suicide mission," and that he had intended to use his gun on himself or to commit "suicide by cop." *Id.* at ¶¶ 160–63. He also refused prescription medication for his bipolar disorder as he "did not like to take any medications," instead preferring to rely on his spirituality. *Id.*

Kealoha's prior convictions placed him in the highest criminal history category of IV. *Id.* at ¶ 136. With an offense level of 33, and a mandatory consecutive 84-month sentence for Count Two, Kealoha's recommended Sentencing Guidelines range was 319–377 months (approximately 26.5 to 31.5 years). *Id.* at p.42. On March 23, 2023, the district court sentenced Kealoha to 180 months' imprisonment pursuant to the parties' binding plea agreement. ER-043; ECF No. 45. Having served about 40 percent of his significantly below-Guidelines range sentence, Kealoha's estimated release date is February 10, 2035. *See* www.bop.gov/inmateloc.

On August 5, 2025, Kealoha filed a pro se motion for a sentence reduction based on the need to care for his ill grandparents, purported sentencing disparities, and his self-reported rehabilitation. ER-007; ECF No. 47. Kealoha referenced both 18 U.S.C. §§ 3582(c)(2) and 3582(c)(1)(A) as

3

grounds for relief. *See, e.g.*, ER-007–008; ER-013–022. The Federal Public Defender's Office filed a notice of non-supplementation. ER-004; ECF No. 49. The government did not respond due to oversight.

On August 26, 2025, the district court denied Kealoha's motion in a form order, providing:

> Upon motion of the defendant under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, IT IS ORDERED that the motion is: DENIED.

ER-001; ECF No. 51.

Kealoha now appeals only the district court's denial of his 18 U.S.C. § 3582(c)(1)(A) compassionate release claims.

## IV.
## SUMMARY OF ARGUMENT

Because Kealoha moved in the district court for relief under both 18 U.S.C. §§ 3582(c)(1)(A) and 3582(c)(2), this Court should remand to allow the district court to evaluate his motion under 18 U.S.C. § 3582(c)(1)(A). To be sure, the government does not concede that Kealoha should be granted release. Kealoha, a felon twenty-eight times over, has served less than half of a significantly below-Guidelines range sentence for a series of violent assaults.

Neither his grandparents' medical conditions, perceived sentencing disparities, self-described rehabilitation, nor § 3553 factors warrant early release. However, as the district court relied on only 18 U.S.C. § 3582(c)(2) in denying Kealoha's motion, this Court should remand to allow the district court to evaluate his claims under 18 U.S.C. § 3582(c)(1)(A).

**V.**
**ARGUMENT**

**A. This Court Should Remand for the District Court to Consider Kealoha's Motion Under 18 U.S.C. § 3582(c)(1)(A).**

1. Standard of Review

This Court reviews the denial of compassionate release motion for an abuse of discretion. A district court abuses its discretion "if it fails to apply the correct legal standard." *United States v. Estrada*, 904 F.3d 854, 862 (9th Cir. 2018) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc)).

2. Legal Standards

Courts review pro se filings liberally. *Castro v. United States*, 540 U.S. 375, 381-382 (2003).

Under 18 U.S.C. § 3582(c)(1)(A), district courts have the discretion to consider compassionate release motions, controlled by three considerations: "First, the district court must determine whether 'extraordinary and

5

compelling reasons warrant' a sentence reduction. Second, the court must evaluate whether a reduction would be consistent with applicable policy statements issued by the Sentencing Commission. Third, the court must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted under the particular circumstances of the case." *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022) (cleaned up). "Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds." *Id.*

3. <u>Discussion</u>

Kealoha's pro se filing should be construed liberally. *See, e.g.*, *Bryd v. Phoenix Police Department*, 885 F.3d 639, 642 (9th Cir. 2018) (per curiam) ("we have an obligation where the petition is pro se ... to construe the pleadings liberally and to afford the petitioner the benefit of any doubt").

In addition to 18 U.S.C. § 3582(c)(2), Kealoha also requested release under 18 U.S.C § 3582(c)(1)(A), identifying his grandparents' incapacitation, sentencing disparities, and rehabilitation as "extraordinary and compelling" reasons for release. *See* ER-8–17; OB at 12. As the district court analyzed and denied his motion under § 3582(c)(2) only, *see* ER-1 ("Upon motion of the

6

defendant under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment . . ."), the government concedes error and believes that limited remand is appropriate to allow the district court to evaluate Kealoha's compassionate release claims under the relevant considerations.[3] *See United States v. State of Wash.*, 641 F.2d 1368, 1371 (9th Cir. 1981) ("We must remand, however, if the district court's application of an incorrect legal standard leaves us with an inadequate factual record on which to affirm.").

---

[3] To be clear, the government does not agree that Kealoha should be released. The government is sympathetic to his family's predicament. But Kealoha's desire to take care of his grandparents, perceived sentencing differences, and self-indicated rehabilitation, are not compelling reasons for compassionate release. For instance, Kealoha, one of at least three grandchildren, PSR ¶ 145, has not demonstrated that he is the only available caregiver for his grandparents. *See United States v. Brian Shane Henson*, No. EDCR 17-0016-JGB-1, 2026 WL 82253, at *1 (C.D. Cal. Jan. 7, 2026) ("[Family members'] unwillingness to care for [a grandparent] or subpar contributions to her care do not render them unavailable for purposes of compassionate release."). Moreover, § 3553 factors weigh squarely against release. Kealoha has served less than half of his significantly below-Guidelines range sentence. Given the nature and circumstances of Kealoha's violent conduct, his extensive criminal record, lengthy history of substance abuse, and mental health issues, Kealoha continues to pose a significant risk to the safety of others and himself. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (court may deny compassionate release based on its § 3553(a) analysis alone).

## VI.
## CONCLUSION

For the reasons set forth above, this Court should remand as to the limited issue of determining Kealoha's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

Dated this 13th day of March 2026.

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

ADAM FLAKE
Appellate Chief

*s/ Mina Chang*
MINA CHANG
Assistant United States Attorney
501 Las Vegas Blvd. South
Las Vegas, Nevada 89101
(702) 388-6336
*Attorneys for the United States*

8

9

## VII.
## STATEMENT OF RELATED CASES

The United States is unaware of any cases related to the instant appeal currently pending before this Court.

Dated this 13th day of March 2026.

s/Mina Chang
MINA CHANG
Assistant United States Attorney

9

## CERTIFICATE OF COMPLIANCE PURSUANT TO
## FED. R. APP. P. 32(a)(5), (6) AND CIRCUIT RULE 32-1

I hereby certify that:

Pursuant to Fed. R. App. P. 32(a)(5) and (6) and Ninth Circuit Rule 32-1, the attached **GOVERNMENT'S ANSWERING BRIEF** is proportionately spaced, has a typeface of 14 points, and contains 1,892 words, excluding the portions exempted by Fed. R. App. P. 32(f).

Dated this 13th day of March 2026.

_s/Mina Chang_
MINA CHANG
Assistant United States Attorney

10

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing

**GOVERNMENT'S ANSWERING BRIEF** with the Clerk of the Court for

the United States Court of Appeals for the Ninth Circuit by using the Appellate

ACMS system. I further certify that a participant in the case is not a registered

CM/ECF user. I have mailed the foregoing document by First-Class Mail,

postage pre-paid, to the following non-CM/ECF ACMS participant:

**Kevin Michael Kealoha**
Reg. No. 94532-022
FCI Herlong
Federal Correctional Institution
P.O. Box 800
Herlong, CA 96113

Dated this 13th day of March 2026.

_s/Mina Chang_
MINA CHANG
Assistant United States Attorney

11